UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHANE STEVENS, | CASE NO. 1:11CV2260 |
| Petitioner | JUDGE CHRISTOPHER A. BOYKO |
| -vs- | |
| ROBERT FARLEY, | MEMORANDUM OF OPINION AND ORDER |
| Respondent | |

Before the Court is *pro se* Petitioner Stephane Stevens's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1) Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names F.C.I. Elkton Warden Robert L. Farley as Respondent. He seeks a reduction in the length of his federal prison term.

I. Background

On May 23, 2007, Petitioner was indicted in this Court and charged with Distribution of Cocaine (Count 1) and Crack Cocaine (Count 2) in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). *See United States v. Stevens*, No. 1:07CR0310(N.D. Ohio 2007). He initially pleaded

not guilty to the charges, but withdrew his plea pursuant to an Agreement filed by the parties on October 3, 2007. *Id*. at Doc. No. 19. As a condition of his guilty plea to Counts I and II, Petitioner agreed to be classified as a career offender pursuant to U.S.S.G. §4B1.1, which established a base offense level of 34. In exchange, the government agreed to a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

On January 3, 2008, this Court sentenced Petitioner to two concurrent prison terms of 168 months. Petitioner did not appeal or collaterally attack his sentence.

## II. Analysis

Petitioner now asserts he is entitled to habeas relief because the sentence imposed by this Court is invalid. Specifically, he claims he is "actually innocent" of his sentence because the government improperly classified him as a career offender. He claims the government failed to meet one of the three criteria needed to establish "career offender" status, namely, "(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Petitioner argues that one of the two convictions the government used was not a felony conviction.

The basis for Petitioner's argument relies on the Supreme Court's decision in *Carchuria-Rosendo v. Holder*, __U.S.__,130 S.Ct. 2577 (2010), wherein the Court reversed a Fifth Circuit decision and held that a defendant's offense was not an "aggravated felony" because it was not based on the "fact" of a prior conviction. *Id.* The Court reasoned that "the mere possibility, no matter how remote, that a 2–year sentence *might have been imposed* in a federal trial" was not a sufficient basis to conclude that a state misdemeanant (who had not been charged as a recidivist) had been "convicted" of an "aggravated felony" within the meaning of § 1229b(a)(3). *See*

*Carchuria–Rosendo*, 130 S.Ct. at 2583(emphasis added). Although *Carchuria–Rosendo* involved an alien's ineligibility for cancellation of a removal ordered under 8 U.S.C. § 1229b(a), Petitioner calls the Court's attention to *United States v. Haltiwanger*, 637 F.3d 881, 883 (8th Cir. 2011) as a case he believes is factually analogous to his own.

In *Haltiwanger*, the Supreme Court vacated an Eighth Circuit Court of Appeals decision and remanded it back to the Circuit for further consideration in light of *Carachuri–Rosendo. See Haltiwanger v. United States,* ___U.S.___, 131 S.Ct. 81 (2010). On remand, the Eighth Circuit held that the defendant's state conviction did not qualify as a prior felony drug offense in view of *Carachuri–Rosendo. See United States v. Haltiwanger,* 637 F.3d 881, 883 (8th Cir. 2011). The court noted that under Kansas law, a defendant's criminal history is tied to the maximum term of imprisonment which *may* be imposed for a violation of the drug tax stamp law. As such, only recidivists with three or more felonies involving offenses against a person would be subject to a maximum term of imprisonment of more than one year, *i.e.*, a felony term. *See* Kan. Stat. Ann. § 21–4704. Because defendant Haltiwanger was not classified as a recidivist, no sentence in excess of seven months of imprisonment, *i.e.*, a misdemeanor term, should have been imposed. *See United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011). Therefore, because Haltiwanger was never actually sentenced to serve more than one year based on his criminal history, the Eighth Circuit determined it was not proper to consider his prior offense a felony, and ordered the case remanded to the district court for resentencing. *Id.*

Comparing his circumstances to *Harltiwanger*, Petitioner believes he is entitled to similar relief. He claims his federal sentence was enhanced based on an Ohio conviction for drug trafficking and a weapons charges. *See Ohio v. Stevens*, No. CR-03- 438468 (Cuy. Cty. Comm. Pls.

Ct. filed June 20, 2003). He attaches a copy of the Journal Entry (JE) of his sentencing, on January 29, 2004, wherein the court sentenced him to one year in prison for drug trafficking (Count 2), with a concurrent six month term of imprisonment for having a weapon while under disability (Count 4). (Pet.'s Ex. A.). The JE also indicates, however, that the court ordered Count 2 to "run concurrently with CR 439764."[1] Disregarding the two prior convictions reflected in Case Nos. CR-03- 438468 and CR-03-439764, for which the sentences imposed were beyond one year, Petitioner argues that the six months sentence for the weapon charge did not qualify as a felony conviction.

Based on the holding of *Carachuri-Rosendo*, Petitioner argues that this Court erred in its calculation of his sentencing guideline range. Because the sentence imposed for his weapons offense was less than one year, he maintains it cannot be characterized as the second felony needed to satisfy his designation as a career offender pursuant to U.S.S.G. §4B1.1. Thus, Petitioner asserts he is actually innocent of being a career offender. He requests a resentencing hearing to vacate his career criminal designation and to adjust his sentence accordingly.

### III. Initial Review

This matter is before the Court for initial screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of

---

[1] This is a reference to a sentence imposed in a second case filed against Petitioner in the Common Pleas Court of Cuyahoga County. *Ohio v. Stevens*, No. CR-03-439764-A (Cuy. Cty. Ct. Comm. Pls. filed July 18, 2003). In the second case, Petitioner pleaded guilty to possession of drugs in an amount exceeding 5 grams, but less than 10 grams on January 28, 2004 and was sentenced to serve two years in prison. *Id.* at JE of 1/28/04.

the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Petitioner has not met his burden.

## IV. 28 U.S.C. § 2241

A federal prisoner who seeks to challenge his conviction or the imposition of his sentence must file a motion in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Section 2255 does provide a safety valve, however, wherein a federal prisoner may challenge his conviction or imposition of his sentence pursuant to 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997).

The standard is "demanding and permits review only in the 'extraordinary' case." *Pudelski v. Wilson*, 576 F.3d 595, 606 n. 2 (6th Cir.2009)(quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Therefore, only under highly exceptional circumstances, may a federal prisoner challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. *See* 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999). Section 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., id.* at 756. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986).

To date, the safety valve provision of § 2255 has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under § 2255. *See Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir.2003); *see also Lott v. Davis*, No. 03-6172, 2004 WL 1447645, at *2 (6th Cir. June 18, 2004)("it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause"). Ultimately, it is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d, at 756.

Petitioner claims that the Court's decision in *Carachuri-Rosendo*, as applied to *Haltiwanger*, establishes his actual innocence. The differences between Petitioner's case and *Haltiwanger*, however, are dispositive and preclude him from seeking relief through § 2255's safety valve.

V. Actual Innocence

A valid assertion of actual innocence suggests an intervening change in the law which establishes a prisoner's actual innocence. *See Martin*, 319 F.3d at 804; *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). In the past, those prisoners who obtained review of their claims did so because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate. *See In re Davenport*, 147 F.3d 605, 609, 611 (7th Cir.1998); *Triestman v. United States*, 124 F.3d 361, 363, 378-80 (2d Cir.1997); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997). While Petitioner states he failed to appeal his sentence because his attorney "did not advise me that an appeal was feasible," neither relevant case or the facts justify his failure to file a motion to vacate pursuant to 28 U.S.C. § 2255.

Within the Plea Agreement, Petitioner averred and signed the following statement:

> Defendant acknowledges having been advised by counsel of defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal rights conferred by 18 U.S.C. § 3742 and to challenge the conviction or sentence collaterally through a post- conviction proceeding, including a proceeding under 28 U.S.C. § 2255.

*Stevens*, No. 1:07-cr-0310 (ECF No. 19). Thus, there is no question Petitioner had the opportunity to raise this issue prior to 2011.

Petitioner has failed to show actual innocence. "Actual innocence" means factual innocence, rather than mere legal insufficiency. *Martin*, 319 F.3d at 804. Petitioner is clearly asserting that the State sentence allegedly used to establish his career offender status is legally deficient. This challenge is, at best, one of "legal insufficiency," not "actual innocence" of the offenses to which he pled guilty. There is a distinction with a difference between a claim of legal deficiency and a claim of "actual innocence" of an underlying offense charged in the indictment. *See Poole v. Barron*, No. 04–CV–95, 2004 WL 5605485 * 5 (E.D. Ky., May 26, 2004).

Unlike Petitioner, the defendant in *Haltiwanger* timely appealed the district court's determination that he had a prior conviction for a felony drug offense, which justified a mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1). When the Supreme Court remanded the matter backed to the Eighth Circuit in light of *Carachuri-Rosendo*, it was not based on an actual innocence claim as a result of an intervening change in the law, but because the defendant had not procedurally defaulted that claim on appeal. The defendant in *Haltiwanger* did not, as Petitioner seeks to, utilize §2255's safety valve provision based on an assertion of actual innocence.

*Carachuri-Rosendo* has no bearing on whether Petitioner is innocent of a crime, but merely limits the potential punishment the court may impose. *See e.g. Roberts v. Snyder*, 77 Fed.Appx. 292, 2003 WL 21782621 (6th Cir. July 31, 2003)(analyzing actual innocence under

*Apprendi v. New Jersey*, 530 U.S. 466 (2000))(citing *Goode v. United States*, 305 F.3d 378, 385 (6th Cir.), *cert. denied*, 537 U.S. 1096(2002)). The Sixth Circuit has consistently held that a sentencing challenge cannot be the basis for an actual innocence claim under the criteria set forth in *Martin*. *See United States v. Peterman*, 249 F.3d 458 (6th Cir. 2001).

Conclusion

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: May 14, 2012

---

[2] The statute provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).